Michael W. Chen, Esq.
Nevada Bar No. 7307
Charles L. Kennon, III, Esq.
Nevada Bar No. 7772
THE COOPER CASTLE LAW FIRM
A Multi-Jurisdictional Law Firm
5275 S. Durango Drive
Las Vegas, NV 89113
(702) 435-4175/(702) 259-6560 (facsimile)
ckennon@ccfirm.com
Loan No. *****7672/8556-N-175 / Our File No. 11-10-35642-NV

Attorney for Secured Creditor Nationstar Mortgage, LLC

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re:
    ARTHUR EINHORN,
    CAROL ANN EINHORN

    Plaintiffs,

v.

NATIONSTAR MORTGAGE, a foreign limited liability company; DOES 1-10 and DOE CORPORATIONS 1-10

    Defendants

CHAPTER 7
BANKRUPTCY NO.: 11-19087-BAM
ADV. CASE NO.: 11-01244-BAM

TRIAL
DATE: November 28 and 29, 2012
TIME: 9:30 a.m.

## TRIAL STATEMENT

| TO: | ARTHUR EINHORN AND CAROL ANN EINHORN, DEBTOR(S) |
| TO: | H STAN JOHNSON, ESQ., ATTORNEY FOR THE DEBTOR(S) |
| TO: | JOSEPH B. ATKINS, CHAPTER 7 TRUSTEE |
| TO: | ALL INTERESTED PARTIES |
| TO: | THE CLERK OF THE ABOVE-ENTITLED COURT |

Secured Creditor and Defendant herein, Nationstar Mortgage, LLC, hereby submits to the Court its Trial Statement in the above-referenced matter.

## DISCLOSURES

1. Pursuant to Fed. R. Civ. P. 26(a)(3), as adopted by Fed. R. Bankr. P. 7026 and LR

- 1 -

7026, Defendant Nationstar Mortgage, LLC (hereinafter "Nationstar" or "Defendant") intends to call as a witness Elizabeth Santoro, Nationstar Mortgage, 10350 Park Meadows Drive, Lone Tree CO 80124, 303-515-8228. She is deemed by Nationstar as the person most knowledgeable regarding the transactions raised in Plaintiffs' complaint herein.

2.  As document exhibits Nationstar intends to produce the following, copies of which are attached hereto:

  a.  Interest-Only Period Fixed Rate Note executed by Arthur Einhorn on July 26, 2007.

  b.  Deed of Trust executed by Arthur Einhorn and Carol Ann Einhorn on July 26, 2007 and recorded in Clark County Nevada as instrument 20070801-0001200.

  c.  Loan Modification Agreement executed by Arthur Einhorn and Carol Ann Einhorn with Nationstar on July 24, 2009 for the subject property.

  d.  Reaffirmation Agreement exceuted by Arthur Einhorn with Nationstar Mortgage for the subject property, filed as Doc #22 on July 29, 2010 in case number 10-18277-bam.

  e.  Correspondence from Nationstar Mortgage to Arthur Einhorn, commencing March, 2010.

## FACTS

1.  Plaintiff Arthur Einhorn filed a Chapter 7 bankruptcy, case number 10-18277-bam, on May 5, 2010. During the pendency of his case he entered into a Reaffirmation Agreement related to real property located at 2284 Autumn Fire Court, Las Vegas, NV 89129 ("the property"), which property is Nationstar's collateral by virtue of a note executed by Arthur Einhorn as borrower on July 26, 2007. Both Arthur and Carol Ann Einhorn are trustors by virtue of executing the Deed of Trust on the property also on July 26, 2007. Both Carol Ann Einhorn and Arthur Einhorn signed and executed as "borrowers" on July 24, 2009 a Loan Modification Agreement with Nationstar regarding the subject property.

2.    The Plaintiffs contend that Nationstar has violated the Reaffirmation Agreement by demanding as payment an amount in excess of the terms of the Agreement. They also allege that Nationstar has reported Arthur Einhorn as a late pay to credit reporting agencies.

3.    Arthur Einhorn received his Chapter 7 discharge on August 16, 2010 and Carol Ann Einhorn filed this subject Chapter 7 bankruptcy on June 9, 2011. Plaintiffs contend that Nationstar as continued to make collection efforts for the indebtedness on the property. They assert that these efforts violate the automatic stay provisions of 11 U.S.C. § 362(a) and (h), as well as constituting breach of contract and violations of the Fair Debt Collection Practices Act and the Fair Credit Reporting Act.

4.    Defendant Nationstar Mortgage, LLC denies the allegations.

5.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), and this court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b) and § 157(b), and additionally under 11 U.S.C. § 362.

6.    The parties stipulate to the following:

### POINTS AND AUTHORITIES

1.    The discharge injunction provisions of 11 U.S.C. § 524(a)(3) does not apply if a Debtor enters into a reaffirmation agreement pursuant to 11 U.S.C. § 524 (c). Furthermore, upon a debtor's receipt of a bankruptcy discharge the estate created by the filing of the petition no longer exists. *Dumont v. Ford Motor Credit Company*, 581 F.3d 1104 (9th Cir. 2009). In the instant case the reaffirmation agreement entered into by Arthur Einhorn with Nationstar did not involve Carol Ann Einhorn; she was not a borrower. At the time of the complained-of efforts by Nationstar to contact him he was no longer in bankruptcy, there was neither an automatic stay nor discharge injunction in effect for the reaffirmed liability. Any complaint as to an alleged violation of his discharge injunction should be brought in his case. *Walls v. Wells Fargo Bank, N.A,.* 276 F.3d 502 (9th Cir. 2002). There is thus no basis for Arthur Einhorn to be a party plaintiff in this action.

2. Carol Ann Einhorn was not a borrower on the note for the subject property.

3. The complained-of efforts to contact Arthur Einhorn regarding the debt were addressed to him alone. There was no effort to collect on the debt from her, and she had not signed the reaffirmation agreement in any event. While she was protected by the automatic stay as to her debts, the note for the subject property was in Arthur's name alone and the efforts to contact him were directed at him alone. For any violation of the stay to be deemed willful as to her (or him), knowledge of the injunction much be expressly found, rather than simply imputed. *In re ZiLOG, Inc.*, 450 F.3d 996 (9th Cir. 2006). In this instance, the efforts to collect from Arthur Einhorn were for a reaffirmed debt where there was no discharge in place. There were no efforts to collect from Carol Ann Einhorn that would constitute a violation of the stay in effect in her case.

4. Plaintiffs' claims under the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq. ("FCRA"), should be denied and dismissed. Plaintiffs have not alleged or shown that Defendant is a credit reporting agency under the FCRA. Indeed, Defendant is not a credit reporting agency here, as defined by the FCRA. See 15 U.S.C. § 1681a(f). Plaintiffs' claims as set forth in the Complaint against Defendant regard information that Defendant furnished to the credit reporting agencies. Defendant has not credit reported regarding Carol Ann Einhorn. Additionally, the FCRA does not create a private right of action for borrowers against furnishers except on very limited bases. See generally 15 U.S.C. § 1681s-2 and 15 § USC 1681h(e). Enforcement is reserved to governmental agencies. See generally 15 U.S.C. § 1681s-2(d). Plaintiffs may only bring FCRA claims if Plaintiffs provide a notice of dispute and Defendant receives the notice and does not act in accordance with 15 U.S.C. § 1681s-2(b). Here, the facts do not support this claim, and it should be denied.

5. The Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA"), does not apply to Defendant. Defendant is not a debt collector as defined in 15 U.S.C. §1692a(6) because it does not apply to entities collecting their own debt. The FDCPA also does not apply to

- 4 -

loan servicers. See *Croce v Trinity Mortgage Assurance Company*, 2009 U.S. Dist. LEXIS 89808, *6 (D. Nev. 2009). This claim must also be denied and dismissed.

      6.    Plaintiffs' claim for breach of contract should also be denied and dismissed. "To prevail on a breach of contract claim, a plaintiff must demonstrate: (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damages resulting from defendant's breach." *Peshek v Litton Loan Servicing*, 2011 U.S. Dist. LEXIS 110304 *16 (D. Nev. 2011) (citations omitted). Plaintiff Carol Ann Einhorn was not a party to the reaffirmation agreement that is the basis for this claim. Moreover, Defendant has recently modified the loan to match the somewhat ambiguous terms of the reaffirmation. Plaintiffs have not proven any damages. The claim should be denied.

## CONCLUSION

For the reasons set forth above, each of the claims for relief alleged and asserted by Plaintiffs Arthur and Carol Ann Einhorn should respectfully be denied.

Date: November 26, 2012

                              */s/ Charles L. Kennon*
                              Charles L. Kennon, III, Esq.
                              Nevada Bar No. 7772
                              Michael W. Chen, Esq.
                              Nevada Bar No. 7307
                              THE COOPER CASTLE LAW FIRM
                              A Multi-Jurisdictional Law Firm
                              Attorney for Nationstar Mortgage, LLC
                              5275 S. Durango Drive
                              Las Vegas, NV 89113

## CERTIFICATE OF SERVICE

The undersigned hereby declares and certifies that on November 26, 2012, a copy of the Secured Creditor's TRIAL BRIEF was served on the parties through the following means:

**Electronically mailed to:**

| | |
|---|---|
| COUNSEL FOR DEBTOR(S) | TRUSTEE |
| H STAN JOHNSON, ESQ. | Joseph B. Atkins |
| sjohnson@cjdnv.com | jbatkins@7trustee.net |

**Depositing a copy in the United States Mail, postage prepaid and addressed to:**

Carol Ann Einhorn
8671 Christopher Lee Circle
Las Vegas, NV 89129

I declare under penalty of perjury that the foregoing is true and correct.

_____
An employee of THE COOPER CASTLE LAW FIRM

- 6 -

**Shaded Area for Court Personnel Use ONLY

Hearing Date:

BTB ___ LBR ___ BAM ___ MKN ___

| EXHIBITS | | Case Title | | BK-S _____ | |
| | | | | ADV- _____ | |
| Offered | Admitted | Identification | | Description | Offers Objections Rulings Exceptions |
| | | # | Witness | | |
| | | A | | Note | |
| | | B | | Trust Deed | |
| | | C | | Loan Modification | |
| | | D | | Reaffirmation | |
| | | E | | Debtor Correspondence | |

usbc/updated 3/11
exhibit-list.wpd

# # #

4